

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00146-CR

---

FRAYNE JEMOL BENTON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 296th District Court
Collin County, Texas
Trial Court No. 296-83773-2024

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

After a bench trial, Frayne Jemol Benton was convicted of aggravated sexual assault of a child under fourteen years old.[1] *See* TEX. PENAL CODE ANN. 22.021(a)(1)(B) (Supp.). After hearing evidence during the punishment phase, the trial court sentenced Benton to thirty-six years imprisonment. Benton appeals.

Benton's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal is without merit and that no reversible error appears in the record. We have conducted an independent review of the entire record and the *Anders* brief. We affirm the trial court's judgment.

Benton's trial counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *Anders*, 386 U.S. at 743; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 10, 2026, appellate counsel advised this Court that he would mail Benton copies of the brief and motion to withdraw. Benton was informed of his right to review the

---

[1]This appeal was transferred to this Court from the Fifth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Fifth Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

record and file a pro se response. Benton then filed a pro se motion for access to the record on February 19. We issued an order on March 5, 2026, granting the same.

Via the March 5 order, this Court also informed Benton that his pro se response was due on or before April 20, 2026. We received neither a pro se response from Benton nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and Benton's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[2]

Jeff Rambin
Justice

Date Submitted:     May 27, 2026
Date Decided:      May 28, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.